IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER GLISSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-76-GPM |
| ) | |
| MATRIXX INITIATIVES, INC., and ) | |
| ZICAM, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff Jennifer Glisson brings this action against Defendants Matrixx Initiatives, Inc. ("Matrixx"), and Zicam, LLC ("Zicam"), seeking damages for personal injuries allegedly caused by a cold remedy called Zicam that is manufactured and distributed by Matrixx and Zicam. Glisson asserts claims for relief based upon theories of strict

products liability and negligence and seeks compensatory and punitive damages. This action was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by Matrixx and Zicam. Federal subject matter jurisdiction is asserted on the basis of diversity of citizenship. Having discovered a defect in the Court's subject matter jurisdiction in this case, the Court remands the case to state court.

## II. ANALYSIS

In general, the exercise of federal subject matter jurisdiction in diversity requires that there be complete diversity of citizenship among the parties to an action and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Rehkemper & Son, Inc. v. Indiana Lumbermens Mut. Ins. Co.*, Civil No. 09-858-GPM, 2010 WL 547167, at *2 (S.D. Ill. Feb. 10, 2010). In the context of removal, federal subject matter jurisdiction must be shown to exist both when a case was filed and when the case was removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986); *Tullis v. Wal-Mart Stores, Inc.*, Civil No. 09-935-GPM, 2009 WL 3756640, at *2 (S.D. Ill. Nov. 9, 2009). A defendant seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998 (S.D. Ill. 2006). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Correspondingly, all doubts concerning the propriety of removal are to be resolved in favor of

remand to state court. *See Rinier v. A.W. Chesterton, Inc.*, Civil No. 09-1068-GPM, 2010 WL 289194, at *1 (S.D. Ill. Jan. 19, 2010); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

For diversity purposes a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business, with the corporation's principal place of business being determined in the Seventh Circuit by the state where the corporation has its headquarters or nerve center. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). The state citizenship of a limited liability company ("LLC") for diversity purposes is determined by the state citizenship of each of an LLC's members. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006). Finally, the state citizenship of a natural person for diversity purposes is determined by the state where the person is domiciled. *See Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)) ("For natural persons, state citizenship [for diversity purposes] is determined by one's domicile."). In general, "it takes physical presence in a state, with intent to remain there, to establish domicile." *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). *See also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("[D]omicile is the place one intends to remain [.]"); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) (a party's domicile is "the state where a party is physically present with an intent to remain there indefinitely.").

In this case Matrixx and Zicam properly allege that an amount in excess of $75,000, exclusive of interest and costs, is in controversy, a claim the Court finds plausible in light of the serious nature of the personal injuries alleged in this case and the fact that Glisson pleads for damages in excess of $50,000 and seeks punitive damages. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (holding that an amount sufficient to permit the exercise of diversity jurisdiction was in controversy where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the jurisdictional amount in controversy); *Lecker v. Bayer Corp.*, Civil No. 09-991-GPM, 2010 WL 148627, at *5 (S.D. Ill. Jan. 13, 2010) (quoting *Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010)) ("[T]his Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege 'severe and permanent personal injuries[.]'") (collecting cases). Also, Matrixx alleges that it is a corporation incorporated under Delaware law with its principal place of business in Arizona, so that Matrixx is a citizen of Delaware and Arizona for diversity purposes; further, Matrixx alleges that it is the sole member of Zicam, so that Zicam too is a citizen of Delaware and Arizona for diversity purposes.

With respect to Glisson, however, the Court discerns a serious question in this case regarding the existence of complete diversity of citizenship. In general, of course, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the

rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). Although, as discussed, Matrixx and Zicam properly have alleged their own state citizenship for diversity purposes, with respect to Glisson's state citizenship Matrixx and Zicam allege in their notice of removal only that "[u]pon information and belief, [Glisson] is and was a citizen of Illinois at the time the action was commenced and at the time this Notice of Remand [sic] was filed." Doc. 2 at 3 ¶ 8. "Thus," according to Matrixx and Zicam, "complete diversity exists." *Id*. The Court does not agree. It is extremely well settled in this Circuit that jurisdictional allegations made on information and belief, rather than personal knowledge, are insufficient to invoke the diversity jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Dintelman v. Kellogg Co.*, Civil No. 09-945-GPM, 2010 WL 520284, at *2 n.2 (S.D. Ill. Feb. 12, 2010); *Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *2 n.2 (S.D. Ill. Dec. 4, 2009); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). More importantly, it is apparent that Matrixx and Zicam simply do not know the state of which Glisson is a citizen. Glisson's complaint is silent as to where she is domiciled, and there is not a shred of competent evidence in the record concerning Glisson's domicile.[1]

---

1. To the extent Matrixx and Zicam seem to suggest that the fact that Glisson filed suit in an Illinois state court is evidence that she is an Illinois citizen for diversity purposes, the Court does not agree. In the Court's experience it is not at all an unusual occurrence that, for whatever reason (the Court does not speculate), non-residents of Illinois file suit for personal injuries in state courts within this District. *See e.g., Bancroft v. Bayer Corp.*, Civil No. 09-990-GPM, 2010 WL 148628, at *1 n.1, *5 & n.6 (S.D. Ill. Jan. 13, 2010 (forty-five plaintiffs, of whom only thirteen were Illinois citizens, suing for personal injuries in state court in St. Clair County, Illinois); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1056, 1059 (S.D. Ill. 2006) (two Ohio citizens suing for personal injuries in state court in Madison County, Illinois).

It is axiomatic, of course, that "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *3 (S.D. Ill. Feb. 1, 2010) (quoting *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995)). Here there is no certainty regarding the existence of federal subject matter jurisdiction on the basis of diversity of citizenship. Given that Matrixx and Zicam plainly lack personal knowledge of Glisson's state citizenship for diversity purposes either at the time this case was filed or the time when it was removed, the Court believes that the wisest course is to remand this case to state court. At such time as Matrixx and Zicam can gather information, through discovery or otherwise, establishing Glisson's state citizenship and that diversity of citizenship in this case is complete, they can attempt once more to remove this case to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1446(b) (authorizing removal of a case that is not removable at the outset upon receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," provided, however, that removal based on diversity jurisdiction is not undertaken more than one year after the commencement of an action); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842 (S.D. Ill. 2006) (quoting *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999)) ("[T]he removal statutes permit successive removals of an action, provided an adequate factual basis exists for a later removal . . . . 'Nothing in § 1446 forecloses multiple petitions for removal.'"). *See also Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at **3-4 (S.D. Ill. July 2, 2007) (noting that the proper forum in which to conduct discovery regarding the existence of federal subject matter jurisdiction in a case is in state court before removal, not in federal court after removal).

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: February 22, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge